OPINION
On April 30, 1999, Deputy Jonathan Curtiss of the Fairfield County Sheriff's Office responded to a disturbance call at 9175 Basil Western Road. Upon arriving on the scene, Deputy Curtiss observed a bonfire, beer bottles and cans strewn throughout the yard, individuals he believed to be under the age of twenty-one and three tents near the bonfire. Appellant, Christina Haberman, was inside one of the tents. Deputy Curtiss asked appellant to come out of the tent and provide identification. Thereafter, appellant was charged with underage consumption in violation of R.C.4301.69(E). On June 18, 1999, appellant filed a motion to suppress claiming any evidence obtained was obtained as a result of a warrantless and unlawful seizure. A hearing was held on April 23, 1999. By judgment entry filed September 16, 1999, the trial court denied said motion. A bench trial commenced on October 22, 1999. By journal entry filed same date, the trial court found appellant guilty and sentenced her to sixty days in jail, all suspended in lieu of two years good behavior. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS.
 II DEFENDANT'S CONVICTION FOR UNDERAGE CONSUMPTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims the trial court erred in denying her motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663," . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant argues Deputy Curtiss's request of her to exit the tent set up some one hundred fifteen feet from the residence was an unlawful seizure because the tent was within the curtilage of the residence. Appellant argues because she was an overnight guest at the residence on the premises, she had an expectation of privacy that was extended to the tent. Appellant argues she was "seized" because Deputy Curtiss, by means of physical force or a show of authority, restrained her liberty when he directed her to exit the tent. In support, appellant cites Terry v. Ohio (1968), 392 U.S. 1. In Terry at 22, the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. The standard for reviewing such police conduct is an objective one: "whether the facts available to the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry, supra at 21-22. Stated another way, "[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." U.S. v. Cortez (1981),449 U.S. 411, 417. The Terry court at fn. 16 further held "[o]bviously, not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." The undisputed facts establish deputies were called to investigate a loud party at 9175 Basil Western Road in Fairfield County, Ohio. August 23, 1999 T. at 3. Upon arrival, the deputies observed a bonfire and underage individuals in the backyard which was littered with beer bottles and cans. Id. at 4, 6. The underage individuals appeared to have consumed the beer. Id. We find these facts go beyond reasonable suspicion and in fact the deputies were witnessing a criminal offense. Approximately fifteen feet from the bonfire were at least three tents. Id. at 7. Deputy Curtiss approached the tents "for our safety because a couple of the tents you couldn't see into from where we were standing." Id. at 9. Deputy Curtiss observed two individuals in a tent and asked them to come out. Id. at 9-10. Appellant stepped out of the tent and identified herself. Id. at 10-11. We find this encounter was not a "seizure" but a "consensual encounter." As Justice Holmes quoted in State v. Smith (1989) 45 Ohio St.3d 255, 257, from United States v. Mendenhall (1980), 446 U.S. 544, 554, the test for determining if an encounter between the police and an individual is a seizure or not is as follows:
 `We conclude that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. [Footnote omitted.] Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'
Given this holding, we find the facts and circumstances sub judice establish a consensual encounter between Deputy Curtiss and appellant, and a reasonable person would have believed she was free to leave. We note a more recent case reaffirmed the Smith decision even when the encounter was on private property during a police investigation. See, State v. Williams (1990), 51 Ohio St.3d 58. By finding the encounter to have been consensual, we find no need to address the issues of curtilage or expectation of privacy. Upon review, we find the trial court did not err in denying the motion to suppress. Assignment of Error I is denied.
 II
Appellant claims her conviction was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380 . The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant argues the evidence presented was insufficient to establish that she had consumed any alcohol or that she had consumed any alcohol in Fairfield County, Ohio. Appellant was found on property located in Fairfield County, Ohio. October 22, 1999 T. at 4. Deputy Curtiss testified "while speaking with her [appellant] I could smell the odor of alcoholic beverage on her person and coming from her breath as she was talking to me." Id. at 8. Appellant admitted to Deputy Curtiss that she was eighteen. Id. at 7. The area around the bonfire and tents was littered with beer bottles and cans, and others at the party appeared to be intoxicated. Id. at 11, 15, 20. Ronald Eckleberry, Jr., a friend of appellant's, testified he drove appellant to the party and they arrived between 7:00 and 8:00 p.m. Id. at 23, 26. Mr. Eckleberry testified he was with appellant until she went to sleep in the tent around 11:00 p.m. Id. at 23-24. At no time did Mr. Eckleberry observe appellant consume an alcoholic beverage. Id. at 24-25, 35. Appellant argues Mr. Eckleberry's testimony established that she did not consume any alcoholic beverages in Fairfield County, Ohio. We note Mr. Eckleberry was not clear as to all of the evening's events because he was "becoming hazy" as he himself consumed alcohol and smoked marihuana prior to appellant going to sleep in the tent. Id. at 31-32. However, Mr. Eckleberry claimed he was cognizant enough to remember that appellant had not been drinking. Id. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. When testimony conflicts, it is the duty of the trier of fact to resolve the inconsistency. We, as an appellate court, may not substitute our judgment for that of the trial court's. Upon review, we find sufficient credible evidence, if believed, to establish venue and the charge of underage consumption, and no manifest miscarriage of justice.
Assignment of Error II is denied.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby affirmed.
GWIN, P.J. and HOFFMAN, J. CONCUR.